The Honorable Gwen Welshimer State Representative, 88th District 6103 Castle Wichita, Kansas 67218
Dear Representative Welshimer:
As representative for the 88th district you request our opinion regarding whether the Kansas real estate appraisal board has authority over a licensed appraiser with respect to non-federally related transactions.
The Kansas real estate appraisers act (Kansas act), K.S.A. 1993 Supp.58-4101 et seq., was enacted in response to 12 U.S.C. § 3331 etseq., title XI of the financial institutions reform, recovery and enforcement act of 1989 (federal act). The federal act requires that real estate appraisals utilized in connection with federally related transactions be prepared by state certified and licensed appraisers. A "federally related transaction" is considered to be:
 "any real estate-related financial transaction which: (1) A federal financial institutions regulatory agency or the resolution trust corporation engages in, contracts for or regulates; and (2) requires the services of an appraiser." K.S.A. 1993 Supp. 58-4102(d); 12 U.S.C. § 3350(4).
Following enactment of the Kansas real estate appraisers act, it became illegal for anyone other than a state certified or licensed appraiser to engage in any written appraisal in connection with a federally related transaction for which certification or licensure is required pursuant the federal act. K.S.A. 1993 Supp. 58-4103(a).
Services of a state certified appraiser in relation to a federally related transaction are required when certain federal agencies or instrumentalities determine that the transactions are "of sufficient financial or public policy importance to the United States."12 U.S.C. § 3342. In addition a state certified appraiser is required for all federally related transactions having a value of $1,000,000 or more, and may be required for certain complex 1-to-4 unit single family residential appraisals. 12 U.S.C. § 3342.
Services of a state licensed appraiser are required for all federally related transactions in which the services of a state certified appraiser are not required. 12 U.S.C. § 3343.
The real estabe appraisal board created by the Kansas act is granted authority to implement, administer and enforce the provisions of the act through certification and licensure of appraisers who are qualified by education and experience. K.S.A. 1993 Supp. 58-4105. An appraiser approved for certification or licensure then becomes subject to the board's authority to investigate actions of the appraiser and to take disciplinary action (suspension, revocation, censure and/or fine) for any of twelve types of acts or omissions:
 "(1) Procuring or attempting to procure a certificate or license pursuant to this act by knowingly making a false statement, submitting false information, refusing to provide complete information in response to a question in an application for certification or licensure or any form of fraud or misrepresentation:
 "(2) failing to meet the mimimum qualifications established by this act;
 "(3) paying money, other than provided for by this act, to any member or employee of the board to procure a certificate or license under this act;
 "(4) a plea of guilty or nolo contendere to, or conviction of: (A) Forgery, embezzlement, obtaining money under false pretenses, larceny, extortion, conspiracy to defraud or any other similar offense; (B) a crime involving moral turpitude; or (C) any felony charge;
 "(5) an act or omission involving dishonesty, fraud or misrepresentation, with the intent to substantially benefit the appraiser or another person or with the intent to substantially injure another person;
 "(6) violation of any of the standards for the development or communication of real estate appraisals as provided in this act;
 "(7) failure or refusal without good cause to exercise reasonable diligence in developing an appraisal, preparing an appraisal report or communicating an appraisal;
 "(8) negligence or incompetence in developing an appraisal, preparing an appraisal report or communicating an appraisal;
 "(9) willfully disregarding or violating any provision of this act or rules and reglations of the board for the administration and enforcement of the provisions of this act;
 "(10) accepting an appraisal assignment, described in K.S.A. 1993 Supp. 58-4122 and amendments thereto, when the employment itself is contingent upon the appraiser's reporting a predetermined estimate, analysis or opinion, or when the fee to be paid is contingent upon the opinion, conclusion or valuation reached, or upon the consequences resulting from the appraisal assignment;
 "(11) violating the confidential nature of governmental records to which the appraiser gained access through employment or engagement as an appariser by a governmental agency; or
 "(12) entry of a final civil judgment against the person on the grounds of fraud, misrepresentation or deceit in the making of any appraisal of real property." K.S.A. 1993 Supp. 58-4118.
The board clearly has authority over a certified or licensed appraiser whose act or omission pertains to an appraisal concerning a federally related transaction. However, the enumerated list of acts and omissions is not limited to such appraisals; a certified or licensed appraiser's professional conduct is subject to the board's jurisdiction for acts or omissions which may pertain to non-federally related transactions. For instance, if a final civil judgment is entered against a certified or licensed appraiser for fraud in the making of any appraisal, the board is authorized to take disciplinary action against such appraiser. This authority is consistent with the purpose of the federal act:
 ". . . to provide that the Federal financial and public policy interests in real estate related transactions will be protected by requiring that real estate appraisals utilized in connection with federally related transactions are performed in writing, in accordance with unifrom standards, by individuals whose competency has been demonstrated and whose professional conduct will be subject to effective supervision." 12 U.S.C. § 3331.
In conclusion, the Kansas real estate appraisal board has authority over a certified or licensed appraiser regarding specified acts and omissions as enumerated in K.S.A. 1993 Supp. 58-4118 which relate to the appraiser's professional conduct, whether in relation to federally related transactions or to non-federally related transactions.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas